**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

NAM VAN PHAN,
                Petitioner,

    v.

WARDEN OF THE FEDERAL
CORRECTIONAL INSTITUTION
LEWISBURG, et al.,

                Respondents.

CIVIL ACTION NO. 3:26-CV-00770

(MEHALCHICK, J.)

## ORDER

On March 25, 2026, Petitioner, Nam Van Phan, filed the instant petition, requesting that Respondents release him from custody at the Lewisburg Federal Correction Institution ("FCI Lewisburg"). (Doc. 1, at 2). On April 21, 2026, the Court granted the petition for writ of habeas corpus and ordered that Phan be released from custody subject to the conditions of his prior supervisory release. (Doc. 7). In ordering his release, the Court found that Phan established good reason to believe that there is not a significant likelihood of his removal in the reasonably foreseeable future, and that there was no indication of if or when his travel document application would be approved or travel documents issued.

The day after the Court ordered Phan released, Respondents filed a motion to stay, asserting that the circumstances surrounding Phan's removal materially changed in that he was issued travel documents and  scheduled to be on a flight to Vietnam within the next two weeks. (Doc. 9). According to Respondents, they only learned of the travel document on April 21, 2026, despite the document being issued nearly three weeks prior, on April 2, 2026. (Doc. 9-2). Further, Respondents provide an affidavit of a Supervisory Detention and Deportation Officer declaring that Phan is scheduled to be on a flight to Vietnam. (Doc. 9-3).

Upon receipt of the motion to stay, the Court conducted a status conference and argument on the issue, at which time counsel for Respondents reiterated the arguments made in the motion to stay, and counsel for Phan asked this Court to deny the motion and consider that Phan is neither a flight risk nor a danger to the community, has been held for an unconstitutionally long time, and that his likelihood of removal is not reasonably foreseeable because the Respondents have not specified when in the next two weeks he may be removed.

Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." *Zadvydas*, 533 U.S. 678, 695, 699 (2001). The Court previously found that Phan had carried his initial burden to raise "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and that Respondents had not sufficiently rebutted the showing Phan made, given the period of confinement. *Zadvydas*, 533 U.S. at 701; Doc. 7. However, with the submission of the travel document and the affidavit, the Court is constrained to find that there is a significant likelihood of removal in the reasonably foreseeable future, namely, within the next two weeks. Although Phan, through his counsel, asks us to consider that Phan is neither a flight risk nor a danger to the community, that is not the calculation this Court must consider at this time. Instead, the Court is limited to determining whether Phan's detention is longer than the presumptively reasonable six-month period (it is), whether Phan provided good reason to believe that there was no significant likelihood of removal in the reasonably foreseeable future (he did), and whether the Respondents provided evidence sufficient to rebut that showing. On this last prong, Respondents had not made that showing, until the day after this Court ordered Phan released.

Given the change in circumstances, however, the Court must conclude that Phan's removal is now likely in the reasonably foreseeable future. As such, Respondents' motion to stay (Doc. 9) is **GRANTED**. This order is without prejudice to Phan revisiting the issue of his detention should he not be removed within the two week period in which Respondents assert he will be.

**BY THE COURT:**

**Date: April 23, 2026**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

3